THERESA S. HOOD, Respondent, *v.* NEW YORK, WESTCHESTER
AND BOSTON RAILWAY COMPANY, Appellant.

Second Department, November 9, 1917.

**Evidence — when expert testimony as to value of real estate if rail-
way structure thereon were absent is incompetent.**

Testimony by an expert that the value of real estate would be a given sum
if a railroad embankment were absent is incompetent.
Such evidence standing alone substitutes the expert for the court in a
matter which could be decided by the court if the expert's basis of cal-
culation and judgment were revealed.

APPEAL by the defendant, New York, Westchester and
Boston Railway Company, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the
clerk of the county of Westchester on the 16th day of April,
1917, upon the decision of the court after a trial at the
Westchester Special Term.

*John B. Knox,* for the appellant.

*Roger Sherman,* for the respondent.

THOMAS, J.:

Testimony that the fee and rental value would be a given
sum if the railway structure and operation thereon were
absent, was condemned in *Roberts* v. *N. Y. Elevated R. R.
Co.* (128 N. Y. 455), and yet the plaintiff here persists in
employing it. There is nothing in the profession or learning
of an expert in values of real estate that enables him to state,
that if a railroad embankment made in 1909 should disappear,
the value of the premises in question in December, 1916,
would be $13,500, except as he may reason from other data.
But, if he has other data, let him give it to the court, that
it may draw inferences. The present record furnishes no
opportunity to know anything save this, that a man has given
figures, one of which is based on an imaginary condition,
viz., the absence of the railroad embankment, which may be
contrasted with an opinion of present value. Such evidence,
standing alone, substitutes the expert for the court in a

matter that could be decided by the court, if the expert's basis of calculation and judgment were revealed. *Goodenough* v. *N. Y., W. & B. R. Co.* (173 App. Div. 948) presented the same error, but the court disregarded it because the existing fee and rental value were given, and it was shown in addition that residential values had not changed materially since 1909, and the value before the embankment was started was given. Upon cross-examination there was evidence of sales. The trial court in this case tolerated the error, while the plaintiff omitted competent evidence that would support decision.

There should be a new trial, with costs of this appeal to the defendant.

JENKS, P. J., MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed and new trial granted, with costs of this appeal to the defendant.